IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK PIZUR,<br><br><br>Plaintiff,<br><br>v.<br><br>HEATHER FAIN and<br>GXO LOGISTICS SUPPLY CHAIN, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.  1:26-cv-00002<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendants GXO Logistics Supply Chain, Inc. ("GXO") and Heather Fain ("Fain") (collectively, "Defendants"), remove this action to the United States District Court for the Southern District of Indiana, Indianapolis Division.  In support of Removal, Defendants state:

### I.   INTRODUCTION

1.   On December 5, 2025, Plaintiff Mark Pizur filed a Complaint for Damages in Marion County Superior Court 12, entitled *Mark Pizur v. Heather Fain and GXO Logistics Supply Chain, Inc.*, Cause No. 49D12-2512-CT-057604 (the "State Court Action").

### II.   THE REMOVED ACTION

2.   On December 12, 2025**,** the Summons and Complaint were served on Defendant GXO.  A true and correct copy of the Summons and Complaint filed in the State Court Action are attached as **Exhibit A**.

3. On December 30, 2025, the Summons and Complaint were served on individual Defendant Fain. A true and correct copy of the Summons and Complaint filed in the State Court Action are attached as **Exhibit B**.

4. Defendants are timely filing this notice of removal within thirty (30) days after service of process, as required by 28 U.S.C. § 1446(b).

5. The Marion County Superior Court is located within the Indianapolis Division of the United States District Court for the Southern District of Indiana. 28 U.S.C. § 94(b)(1). Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### A. DIVERSITY OF CITIZENSHIP EXISTS AMONG PARTIES PROPERLY JOINED AND SERVED.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the controversy is between citizens of different states.

7. Plaintiff is a citizen of the State of Indiana. (Compl. ¶ 10)

8. Defendant GXO is a North Carolina corporation with a principal place of business in High Point, North Carolina.

9. Defendant Fain is a citizen of the State of Ohio. (Compl. ¶ 13)

10. Thus, there is complete diversity of citizenship between Plaintiff and Defendants.

### B. THE AMOUNT IN CONTROVERSY IS SATISFIED.

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

12.    Plaintiff's complaint consists of three counts of Indiana common law claims.  Count I alleges a retaliatory discharge claim under *McClanahan* against Fain and GXO.  Count II is a tortious interference claim against Fain, only.   Count II is a negligence hiring and/or supervision claim against GXO, only.

13.    Plaintiff is seeking compensatory, incidental, consequential, nominal, liquidated and punitive damages against GXO and Fain.  (Prayer for Relief ¶ B)

14.    Based on Plaintiff's personnel records, GXO paid Plaintiff $70,000 per year.  GXO hired Plaintiff on or about January 16, 2023.  A true and correct copy of Plaintiff's signed offer letter is attached as **Exhibit C**.

15.    Plaintiff was terminated on December 8, 2023.[1]  (Compl. ¶ 62)

16.    Plaintiff's alleged lost wages, calculated from his termination to the date of this removal, are $145,384.20. ($70,000/26 = $2,692.3 x 54 pay periods).  *See Lovett v. Affiliated Computer Sys.*, 2012 WL 3637586 at *2, n.2 (S.D. Ind. Aug. 20, 2012) ("Defendant's calculation correctly reflects the fifteen months from the date of discharge to the date of removal").  Thus, Plaintiff's readily calculable damages are $145,384.

17.    Additionally, plaintiff seeks unspecified "compensatory" and "liquidated" damages.  Compensatory damages are properly considered to determine the amount-in-controversy.  *Oshana v. Coca Cola*, 572 F.3d 506, 512 (7th Cir. 2006).

18.    Plaintiff also seeks "punitive damages" (Prayer for Relief, ¶¶ B, D) which are factored on ration for two to three times plaintiff's compensatory damages.  *See*

---

[1] Plaintiff's allegation he was terminated on December 8, 2025, is a typographical error. Plaintiff alleges he was suspended on or about November 14, 2023 (Compl. ¶ 59) shortly before his termination.

*Brandon v. Wal-Mart Stores East LP*, 2020 U.S. Dist. LEXIS 51519 *4 (N.D. Ind. 2020) ("punitive damages in a ration of two or three times a plaintiff's actual damages properly can be reckoned into the amount in controversy") (citation omitted); *see also* Ind. Code § 34-51-3-4 (under Indiana law, punitive damages limited to greater of $50,000 or three times compensatory damages).

19.    The removing party can "establish the amount in controversy by a good faith estimate." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869, F.3d 568, 579 (7th Cir. 2017). "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (citing *Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006)).

## III.    NOTICE

Written notice of the filing of this Notice of Removal has been served contemporaneously upon counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Marion County Superior Court as required by 28 U.S.C. § 1441(d). No other documents filed in the State Court Action have been served on Defendants.

WHEREFORE Defendants, Heather Fain and GXO Logistics Supply Chain, Inc. respectfully remove this action to this Court in accordance with 28 U.S.C. §§ 1441, 1446 and 1332.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Scott James Preston
    Scott James Preston, Atty. No. 25436-49
    300 N Meridian Street, Suite 2700
    Indianapolis, IN  46204
    Telephone:  317.916.1300
    Facsimile:  317.916.9076
    *scott.preston@ogletree.com*

    Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 2, 2026, a true and accurate copy of the foregoing *Notice of Removal* was filed electronically with the Court and served by United States first-class mail, postage prepaid, upon:

Clifford M. Robinson
THE LAW OFFICE OF CLIFFORD M. ROBINSON, LLC
206 W. Washington Street, Suite B
Rensselaer, IN 47978

*s/ Scott James Preston*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: 317.916.1300
Facsimile:  317.916.9076
*scott.preston@ogletree.com*